### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURAINE SINGLETON, SIERRA RAIN DELANA SINGLETON, a minor, and SEVIER JOSEPH DELANO SINGLETON, a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>ILLINOIS DEPARTMENT OF CHILDREN AND FAMILY SERVICES, et al.,<br><br>    Defendants. | Case No. 05-1392 |

### O R D E R

This matter is now before the Court on Plaintiffs' Emergency Motion for Temporary Restraining Order. For the reasons set forth below, the Motion [#3] is DENIED.

### BACKGROUND

According to the Complaint in this matter, Plaintiffs Sierra and Sevier Singleton (the "Children") are minors who have been in temporary state custody since November 21, 2003. Plaintiff Lauraine Singleton ("Singleton") is the biological mother of the Children. On December 16, 2005, Singleton received notice that the Children's foster parents have petitioned the state court for permission to take the Children out of the country for a Christmas vacation; that petition is set for hearing in the state court at 1:00 p.m. on December 20, 2005. Singleton has now filed this Emergency Motion for Temporary Restraining Order asking this Court to enjoin the foster parents from taking the Children out of the country for the proposed vacation. This Order follows.

## DISCUSSION

A temporary restraining order ("TRO") is an emergency remedy issued to maintain the status quo until a hearing can be held on an application for a preliminary injunction. Coca-Cola Co. v. Alma-Leo U.S.A., Inc., 719 F.Supp. 725, 726 (N.D.Ill. 1989). The purpose of a TRO, similar to that of a preliminary injunction, is to minimize the hardship to the parties pending the ultimate resolution of the suit. Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). The standards for a TRO and a preliminary injunction are functionally identical. Bernina of America, Inc. v. Fashion Fabrics International, 2001 WL 128164, at * 1 (N.D.Ill. Feb. 9, 2001).

Injunctive relief, including the entry of a TRO, is warranted if the movant can make a threshold showing: (1) that the movant has some likelihood of success on the merits of the underlying litigation; (2) that no adequate remedy at law exists; and (3) that the movant will suffer irreparable harm if the injunction is not granted. Ty, Inc. v. Jones Group, 237 F.3d 891, 895 (7th Cir. 2001). If these three conditions are met, then the Court must balance the harm to the movant if the injunction is not issued against the harm to the defendant if it is issued improvidently and consider the interest of the public in whether the injunction is to be granted or denied. Id.; *see also,* Duct-O-Wire Co. v. U.S. Crane, Inc., 31 F.3d 506, 509 (7th Cir. 1994); Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 314-15 (7th Cir. 1994); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11-12 (7th Cir. 1992). The Court then sits as a court of equity, weighing all these factors and employing a sliding-scale approach. Id. That is, the more likely the plaintiff's chance of success on the merits, the less the balance of harms need weigh in its favor." Id.

Singleton effectively asks the Court to enter an injunction precluding the foster parents of the Children from taking them out of the country on a Christmas vacation when the state court has not even considered the issue yet. The Younger doctrine of abstention dictates that, absent extraordinary circumstances, a federal court should not interfere with ongoing state judicial proceedings that are judicial in nature, implicate important state interests, and offer an adequate opportunity for review of constitutional claims. Crenshaw v. Supreme Court of Indiana, 170 F.3d 725, 728 (7th Cir. 1999); Green v. Benden, 281 F.3d 661, 666 (7th Cir. 2002); Middlesex County Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 432 (1982). This doctrine is based on principles of federalism and comity interests and applies to civil proceedings when important state interests are at stake. Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 17, (1987); Brunken v. Lance, 807 F.2d 1325, 1330 (7th Cir. 1986).

Here, the Younger factors all favor abstention. The ongoing state court proceedings are clearly judicial in nature and implicate important state interests, as proceedings implicating family law are a traditional area of state regulation. Mansell v. Mansell, 490 U.S. 581, 587 (1989). Moreover, the Seventh Circuit has routinely applied Younger abstention to child custody matters because the state is so "heavily involved" in such proceedings. Bassey v. People of the State of Illinois, 231 F.3d 1338, 2000 WL 1012963, at *2 (7th Cir. July 21, 2000), citing Brunken, 807 F.2d at 1330. "Apart from its role as a forum-provider in resolving custody disputes, the state has an independent interest in the child's health and welfare." Id. Singleton has not shown that she does not have an adequate opportunity to raise her claims in the state court proceedings or that the state court is not an adequate forum to adjudicate her claims. Nor has there been any showing

that the state court proceeding is motivated by any desire to harass or bad faith or that it involves such extraordinary circumstances that she will be irreparably injured.  Id. at 1331; Younger v. Harris, 401 U.S. 37, 49 (1971).

Accordingly, the Court finds that Plaintiffs have not demonstrated a likelihood of success on the merits, as the doctrine of Younger abstention is clearly applicable under the facts of this case.  Plaintiffs' request for a TRO effectively enjoining the state court proceedings is therefore denied.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' Emergency Motion for Temporary Restraining Order [#3] is DENIED.

ENTERED this 20th day of December, 2005.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge